UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES E. ROSS,

        Plaintiff,

        v.

THE BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, a Delaware corporation,

        Defendants.

CASE NO. C06-443RSM

ORDER ON MOTION SUMMARY JUDGMENT

    Plaintiff James Ross, a railroad employee, filed this action pursuant to the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.,* seeking damages for an injury he incurred in the course of his employment. The matter is before the Court for consideration of plaintiff's motion for summary judgment on the issue of negligence. Dkt. # 12. The Court deems oral argument on this motion unnecessary, and for the reasons set forth below shall deny the motion.

## DISCUSSION

    Plaintiff is a sixty-nine year old man with almost fifty years' experience working for the railroad. He alleges in his complaint that on February 1, 2006, while leaving his shift as a conductor, he ascended a

ORDER ON MOTION FOR SUMMARY JUDGMENT - 1

grassy embankment between the track and the road, and slipped and injured his knee. He asks in this motion that the Court find defendant negligent as a matter of law for failing to provide a safe workplace environment. Plaintiff has also moved to strike defendant's expert, Mr. Brian Heikkla, asserting that his opinion on the grassy embankment is not based on technical or specialized knowledge. Dkt. # 18. Defendant has opposed both motions.

Turning first to the motion to strike, the Court finds merit in plaintiff's argument that Mr. Heikkla's opinion regarding the condition of the path used by plaintiff is not based on his expertise as a railroad safety expert. It was based upon an investigation of the path under different conditions than those existing at the time of plaintiff's injury. Therefore, Mr. Heikkla's opinion on the ultimate question of the safety of this path shall be stricken. Mr. Heikkla may, however, properly testify to matters within the area of his expertise in the railroad industry, including safety standards, if any, for paths to and from the work area. He may also testify to his objective measurements, if any, of the grade and surface of the path. Plaintiff's motion to strike is accordingly GRANTED IN PART and DENIED IN PART.

As to plaintiff's motion for judgment on the issue of negligence, the Court finds that there are material factual issues that preclude such a ruling. First and foremost, the nature and extent of plaintiff's injury is at issue. On the evening of the accident, plaintiff reported to his superior that he had twisted his ankle while walking up the path. He stated at that time that he did not need medical attention or first aid, and would fill out an accident report the next day. On the accident report, plaintiff simply stated that he "slipped"; he did not indicate where or how he was injured. He stated that he had not received medical attention. He did not claim that there was any problem with the work area which led to the accident. Dkt. # 23, Exhibit A; Dkt. # 24, Exhibit A. Despite the verbal report of a twisted ankle, plaintiff was treated for an injured knee when he later sought medical treatment. Dkt. # 23, Exhibit B. The doctor noted that plaintiff had "slipped down" an embankment. *Id.* This report conflicts with plaintiff's statement that he slipped while walking up the embankment.

In addition to issues of fact surrounding the nature and extent of plaintiff's injury, the unstricken portions of expert Brian Heikkila's declaration raise questions as to whether plaintiff could have chosen

an alternate path, could have ascended the path with more care, or could have requested that the train be positioned differently for his end-of-shift departure. These are factual issues to be considered and decided by the jury before negligence can be determined.

Summary judgment is not warranted if a material issue of fact exists for trial. *Warren v. City of Carlsbad*, 58 F. 3d 439, 441 (9th Cir. 1995); *cert. denied*, 516 U.S. 1171 (1996). The underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. *Id.* at 324.

As set forth above, defendant has brought forth evidence demonstrating that there are material factual issues in dispute. Plaintiff's motion for an Order finding defendant negligent as a matter of law is accordingly DENIED.

Dated this 4th day of January, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR SUMMARY JUDGMENT - 3